[Cite as *Beardman v. Romeo Concrete*, 2013-Ohio-5553.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| MAUREEN BEARDMAN, et al., | ) | |
| | ) | CASE NO. 12 MA 186 |
| PLAINTIFFS-APPELLEES, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| ROMEO CONCRETE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:    Civil Appeal from the
Youngstown Municipal Court,
Case No. 11 CVI 3637.


JUDGMENT:                    Affirmed.


APPEARANCES:
For Plaintiffs-Appellees:        Attorney Scott C. Essad
721 Boardman-Poland Road
Suite 201
Youngstown, OH 44512


For Defendant-Appellant:        Attorney Bruce Broyles
5815 Market Street, Suite 2
Youngstown, OH 44512



JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


Dated: December 9, 2013

[Cite as *Beardman v. Romeo Concrete*, 2013-Ohio-5553.]
DeGenaro, J.

{¶1}  Defendant-Appellant Romeo Concrete, through Matt Romeo, appeals the decision of the Youngstown Municipal Court, which adopted the magistrate's decision awarding judgment in the amount of $3,000 plus costs to Plaintiffs-Appellees Maureen and Joel Beardman.  On appeal, Romeo argues: 1) the trial court failed to conduct an independent review of the magistrate's decision; 2) the trial court erred in awarding damages when there was no evidence presented as to the amount of damages incurred; and, 3) the award of damages cannot be grossly disproportionate to the diminution of fair market value.

{¶2}  Upon review, Romeo's assignments of error are meritless.  First, there is no evidence that the trial court failed to conduct an independent review of the magistrate's decision and the objections.  Second, estimates of damages are permissible in small claims proceedings; thus the Beardmans presented sufficient evidence to support the judgment.  Finally, there is no requirement to present evidence of diminution in value in order to be awarded the costs of restoration.  Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3}  On November 25, 2011, Maureen and Joel Beardman filed a Small Claims Complaint against Romeo Concrete in the Youngstown Municipal Court.  The Beardmans alleged that Matt Romeo of Romeo Concrete improperly applied sealer and damaged their patio.  The Beardmans attached an itemization of damages totaling $3,695.53.

{¶4}  On March 27, 2012, the case was heard before the magistrate.  Both parties appeared pro-se and the magistrate asked questions of each.  Joel testified that Romeo came to his house and gave an estimate of $500 to pressure wash the patio and apply two coats of sealer.  Romeo did not follow the proper procedure in applying the sealer, which resulted in the patio finish bubbling.  Romeo attempted to remedy the situation by applying Xylene but was unsuccessful.  The Xylene turned the patio to "an Oompa Loompa orange" color when the goal was to have the patio end up a "milk chocolate brown" color.  The shade of orange "kept getting brighter and brighter" as more Xylene was applied.

**{¶5}** Joel further testified that he contacted ChemMasters, the makers of the sealer, through e-mail to diagnose the issue and find a way to restore the patio. According to a company representative, the bubbles were caused by using too much sealer and applying it at the wrong time of day. Through e-mail, the company representative explained that there are three common scenarios that cause bubble formation when using sealer: (1) rising surface temperatures expanding air, thereby creating bubbles; (2) using a roller over-vigorously and trapping air in the sealer; and, (3) over-application, which is the most common reason.

**{¶6}** Joel also testified that Romeo told him that he never read the instructions on the container for the sealer, which would have informed Romeo that the sealer must be applied at the coolest part of the day, in thin coats, and out of direct sunlight. Romeo did the work on the Beardmans patio during the day on July 20, and the weather was sunny and between 90-95 degrees.

**{¶7}** At this point, Joel attempted to correct the problem himself. He bought materials and attempted to grind out each joint on the patio to remove the product as the chemical stripping had proven ineffective. Joel spent a few weekends working on his hands and knees to carry out the task of removing the over-applied product from the patio. The Beardmans eventually hired a different company to repair the damage to the patio.

**{¶8}** The magistrate shifted the focus of the inquiry to Romeo and informed him that the damage looked "pretty severe." Romeo testified that he told the Beardmans he could not guarantee that they would be satisfied with his work. The magistrate asked Romeo if he was an expert on staining patios and Romeo answered that he was not. Romeo admitted to applying the sealer at around eleven o'clock on a hot July day. Romeo agreed with the magistrate that it would have been a better idea to apply the sealer at night or very early in the morning.

**{¶9}** The magistrate's decision of March 28, 2012, granted judgment to the Beardmans in the amount of $3,000, the small claims jurisdictional limit, plus costs. Romeo filed objections arguing that no evidence of the diminished fair market value was

presented and therefore the magistrate could not determine if the cost of repair was reasonable. Romeo also asserted that the magistrate erred in finding that he was negligent or otherwise failed to provide the services for which he was contracted. Romeo argued he was contacted after the original sealant did not provide the Beardmans with the desired result, and that he used the material according to manufacturer and supplier instructions. Moreover, he told the Beardmans that he could not guarantee desirable results.

{¶10} The Beardmans responded to Romeo's objections, arguing that Romeo never made any statements regarding a lack of guarantee; Romeo admitted that he did not follow instructions on how to apply the sealer properly; and, that the costs incurred were a direct result of Romeo's negligence. The Beardmans attached the e-mail referenced at trial from the ChemMasters' representative that explained the possible causes of the patio damage and potential ways to restore the patio.

{¶11} On September 11, 2012, the trial court overruled Romeo's objections and adopted the magistrate's decision, and Romeo appealed. On November 2, 2012, this court held the appeal in abeyance for thirty days to allow the trial court to enter a final judgment, on the basis that a mere adoption of the magistrate's decision is not a final judgment and the trial court must conduct an independent review.

{¶12} Pursuant to the limited remand, the trial court adopted the magistrate's decision; and that based upon its independent review of the objections, magistrate's decision and transcript, concluded that the magistrate properly determined the factual issues and appropriately applied the law. Judgment was awarded in favor of the Beardmans in the amount of $3,000, plus costs.

{¶13} In the first of three assignments of error, Romeo asserts:

{¶14} "The trial court erred in failing to make an independent determination, even upon remand, and merely adopting the magistrate's decision."

{¶15} When a trial court reviews objections to a magistrate's decision, there is a general presumption that an independent review has taken place. *Davidson v. Davidson*, 7th Dist. No. 07 BE 19, 2007-Ohio-6919, ¶11 citing *Mahlerwein v. Mahlerwein*, 160 Ohio

App.3d 564, 2005-Ohio-1835, at ¶47.  Moreover, the party claiming that an independent review was not conducted has an affirmative duty to demonstrate that the trial court did not conduct the required review.  *Id.*  Overcoming that general presumption "requires more than a mere inference, it requires appellant to provide the reviewing court with facts to rebut our general presumption." *In re Taylor G.*, 6th Dist. No. L-05-1197, 2006-Ohio-1992, ¶21.

**{¶16}**  Romeo argues that no independent review has occurred, but offers nothing to substantiate that claim.  Romeo argues that since the court used the same language as they did in their first review that this means the court has not actually conducted the independent review.  However, Civ.R. 53(E)(4)(b) permits a trial court to adopt a magistrate's decision in whole without modification.  Accordingly, Romeo's first assignment of error is meritless.

**{¶17}**  In his second of three assignments of error, Romeo asserts:

**{¶18}**  "The Magistrate and trial court erred in awarding damages in the amount of $3,000 when there was no evidence as to the amount of damages incurred."

**{¶19}**  Although Romeo contends that there is no evidence to substantiate the damage award, he appears to be challenging the quality of the evidence.  The general rules of evidence do not apply to small claims proceedings. Evid.R. 101(C)(8).  Moreover, with respect to evidence of damages in small claims proceedings, "estimates are almost always used to establish damages in small claims court." *Stull v. Budget Interior*, 7th Dist. No. 02 BA 17, 2002-Ohio-5230, ¶22.

**{¶20}**  Attached to the complaint was an estimate of damages, and Joel testified about the costs he incurred and presented pictures of the damage to the patio.  The magistrate was satisfied that the evidence presented on damages was sufficient to satisfy the evidentiary threshold.  Accordingly, Romeo's second assignment of error is meritless.

**{¶21}**  In his third and final assignment of error, Romeo asserts:

**{¶22}**  "While there is no longer any requirement that the property (sic) submit evidence as to the diminution of fair market value, the award of damages can not be

grossly disproportionate to the diminution."

**{¶23}** To support this claim, Romeo cites *Martin v. Design Constr. Servs., Inc.*, 121 Ohio St.3d 66, 2009-Ohio-1, 902 N.E.2d 10, syllabus, which stated:

> In an action based on temporary injury to noncommercial real estate, a plaintiff need not prove diminution in the market value of property in order to recover the reasonable costs of restoration, but either party may offer evidence of diminution of the market value of property as a factor bearing on the reasonableness of the cost of restoration.

**{¶24}** Romeo has failed to identify any error; instead he has stated a correct proposition of law. Even though the Beardmans never presented diminution in value, pursuant to *Martin*, they are not required to do so. The precedent relied upon by Romeo establishes that diminution in value can be used as a factor, but it is not required.

**{¶25}** In sum, all of Romeo's assignments of error are meritless. First, there is no evidence that the trial court failed to conduct an independent review of the magistrate's decision and the objections. Second, estimates of damages are permissible in small claims proceedings; thus the Beardmans presented sufficient evidence to support the judgment. Finally, there is no requirement to present evidence of diminution in value in order to be awarded the costs of restoration. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.